# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL ALEXANDER JAMES, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 7:16-cv-1099-MHH-SGC |
| WARDEN GWENDOLYN GIVENS,[1] et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On August 15, 2019, the magistrate judge entered a report in which she recommended that the Court deny the claims that Mr. James presented in his *pro se* petition for writ of habeas corpus. (Doc. 22). The magistrate judge also recommended denial of a certificate of appealability. (Doc. 22, pp. 21-22). On September 18, 2019, Mr. James filed objections to the report and recommendation. (Doc. 25).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make

---

[1] Mr. James initially named Karla Jones as a respondent in her capacity as warden of Ventress Correctional Facility. (Doc. 1 at 1). Since then, Gwendolyn Givens has become the warden of Ventress. Accordingly, Warden Givens is substituted as a respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); Rule 2(a), *Rules Governing § 2254 Cases*.

a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

In his objections, Mr. James argues that the magistrate judge misapplied 28 U.S.C. § 2244(d)(1) in finding that he waited too long to file his petition and that the magistrate judge was biased in raising the issue *sua sponte*. (Doc. 25, pp. 1-4). The magistrate judge properly found that she could raise the statute of limitations issue *sua sponte*. (Doc. 22, p. 12). Mr. James concedes the point. (Doc. 25, p. 4). There is nothing in the record that suggests that bias prompted the magistrate judge to raise the issue *sua sponte*. (*See* Doc. 25, pp. 3-4). Therefore, the Court overrules Mr. James's objection in that regard.

The magistrate judge's analysis of the application of AEDPA's one-year limitation period rests on statutory tolling language which provides that the time

during which "a *properly filed* application for State post-conviction or other collateral review" tolls the one-year period while the properly filed application is pending. 28 U.S.C. § 2244(d)(2) (emphasis added). In his objections, Mr. James does not take issue with the statutory requirement for tolling. He argues instead that the state appeal process became final "when the State Appeals Court entered its Certificate of Judgment on July 31, 2013," so that the magistrate judge's calculation of the one-year period was off by 18 days, and his petition was timely. (Doc. 25, pp. 1-2, 6). The Court need not reach the ultimate calculation of the one-year period because the magistrate judge properly concluded that Mr. James's claims of ineffective assistance of counsel fail. Therefore, the Court overrules Mr. James's objections to the calculation of AEDPA's one-year limitation period as moot.[2]

In his objections, Mr. James restates his arguments that his trial counsel was ineffective by failing to object to the State's motion in limine concerning the victim's mother's conviction for physical abuse of the victim and waiving Mr. James's right to be present during the hearing on the State's motion in limine. (Doc. 25, pp. 4-5). Mr. James asserts that he met the two-prong test for ineffective assistance of counsel articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).

---

[2] In his objections, Mr. James asks the Court to consider his ineffective assistance of counsel claims on the merits. (Doc. 25, p. 7). The Court bases its decision on the merits of Mr. James's ineffective assistance of counsel arguments.

3

After a hearing during which Mr. James was represented by counsel and testified as a witness, the sentencing court denied Mr. James's claims for ineffective assistance of counsel because he did not demonstrate that if his attorney had done more to oppose the motion in limine, the sentencing court would have denied the motion in limine. (Doc. 10-19, p. 6). The Alabama Court of Criminal Appeals affirmed, concluding that Mr. James failed to establish either prong of *Strickland*. (Doc. 10-19, pp. 8-10). The appellate court found that Mr. James failed to carry his burden because during the evidentiary hearing on his Rule 32 motion, he did not present a copy of the motion in limine or evidence concerning what trial counsel did or should have done to prevail on the motion. (Doc. 10-19, pp. 8, 10).[3] The appellate court also found that during the hearing on Mr. James's Rule 32 petition, Mr. James did not present evidence regarding the way in which his absence from the motion in

---

[3] The motion in limine is in the Rule 32 record because Mr. James attached the motion to his Rule 32 motion. (Doc. 10-16, p. 23). The sentencing court acknowledged that the motion was in the record during the hearing on Mr. James's Rule 32 petition. (Doc. 10-16, p. 75). In the motion in limine, the State did not ask the sentencing court to preclude Mr. James from presenting a retaliation defense. The State asked only that Mr. James not be allowed to present evidence concerning "the mother of the Victim in Count One having any previous Youthful Offender adjudication" because that evidence would not be "relevant to the Defendant's guilt or innocence." (Doc. 10-16, p. 23). Mr. James testified that his attorney told him that he could not talk about the youthful offender case concerning the victim's mother. (Doc. 10-16, p. 43). The record does not reflect whether Mr. James's trial attorney attempted to introduce other available evidence to support a retaliation defense or whether, if he did, the sentencing court disallowed the evidence. For example, during his Rule 32 hearing, Mr. James stated that he believed he could prove that he told the victim's mother that he was going to pursue custody of his daughter, the victim, and the criminal charges against him arose shortly after his custody discussion with the victim's mother. (Doc. 10-16, pp. 81-83). This evidence is not barred by the motion in limine, and the evidence is relevant to a retaliation defense.

limine hearing may have affected the trial court's ruling or what he could have said or done to defeat the motion had he been present at the hearing. (Doc. 10-19, pp. 8, 10). The appellate court held that trial counsel's failure to inform Mr. James of the hearing or to ensure his presence there was insufficient to show trial counsel was ineffective. (Doc. 10-19, pp. 8, 10).

Based on the foregoing, the appellate court found that Mr. James failed to show that his trial counsel's performance was deficient or that, but for counsel's alleged errors, there was a reasonable probability that his trial would have produced a different result. (Doc. 10-19, p. 10). The appellate court held that the sentencing court properly denied Mr. James's Rule 32 petition regarding these claims. (Doc. 10-19, p. 10).

The Alabama Court of Criminal Appeals' determinations are not "contrary to" or an "unreasonable application of" *Strickland*, nor are they an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Accordingly, Mr. James's ineffective assistance of counsel claims fail. *See Hyde v. State*, 950 So. 2d 344, 356 (Ala. Crim. App. 2006); *see also* ALA. R. CRIM. P. 32.3, 32.6(b). The Court overrules Mr. James's objections to the magistrate judge's report in that regard.

After consideration of the record in this case, the Court adopts the magistrate judge's recommendation that the Court deny Mr. James's habeas petition because

his challenge to his state court conviction based on his claim of ineffective assistance of counsel is without merit. Accordingly, the Court denies Mr. James's petition for habeas corpus. The Court will not issue a certificate of appealability. If Mr. James wishes to appeal, he will have to request a certificate of appealability from the Eleventh Circuit Court of Appeals.

The Court will enter a separate Final Judgment.

**DONE** this 23rd day of September, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE